UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tonya Brooks,                                      Case No. 3:18-cv-362

      Plaintiff

    v.                                              MEMORANDUM OPINION

N.A.R., Inc., et al.,

      Defendants

## I.    INTRODUCTION

Before me is the motion to dismiss and compel arbitration filed by Defendant N.A.R., Inc. (Doc. No. 21). Plaintiff Tonya Brooks filed a memorandum in opposition, (Doc. No. 22), and Defendant replied, (Doc. No. 23).

## II.    BACKGROUND

On or about August 19, 2014, Plaintiff Tonya Brooks entered a Lease Agreement with Option to Purchase with lessor Crest Financial Services, LLC. (Doc. No. 21-1 at 8-11). The Lease Agreement advised that Crest was permitted to assign the Lease. (Doc. No. 21-1 at 9). Such an assignment occurred on or about February 15, 2017, when an account in Brooks's name was assigned by Crest to Defendant N.A.R., Inc. (Doc. No. 21-1 at 2, 4-7). Along with the account itself, Crest also assigned N.A.R. all of its rights. (*Id.* at 2, 4).

Several months after the assignment, N.A.R. sent Brooks a letter informing her that a debt owed by her to Crest under the Lease Agreement had been placed with N.A.R. for collections. (Doc. No. 1-1). N.A.R. stated Brooks owed $1,885.00 as of the date of the letter but cautioned that "[b]ecause of interest or other charges that may vary from day to day, the amount due on the day you pay may be greater." (*Id.*). Brooks filed suit, alleging the inclusion of this final statement

violated the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 1). Specifically, Brooks claims that N.A.R. knew the balance would not vary and included the misleading statement merely to coerce immediate payment. (*Id.*).

N.A.R. filed the pending motion to dismiss and compel arbitration to enforce the Arbitration Provision contained in the underlying Lease Agreement. (Doc. No. 21).

### III.    STANDARD

The Federal Arbitration Act provides that "[a] written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction …shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[T]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3 & 4); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms.") (internal citations omitted).

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement."[1] *Javitch v. First Union Sec, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay,

---

[1] Because there is no dispute that Congress did not intend claims under the FDCPA to be nonarbitrable, I need not devote discussion to this consideration. *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) ("[I]f federal statutory claims are asserted, [the court] must consider whether Congress intended those claims to be nonarbitrable.").

2

or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Further, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (citations omitted).

## IV. DISCUSSION

In this case, Brooks does not challenge the applicability of the FAA to this matter or the validity of the Lease Agreement, including the Arbitration Provision. Instead, to avoid arbitration of her FDCPA claims, Brooks urges me to conclude N.A.R. cannot enforce the Arbitration Provision since it is not a signatory to the contract. Specifically, she argues the contract may not be enforced under the theory of equitable estoppel. But, as argued by N.A.R., because N.A.R. may enforce the Arbitration Provision pursuant to the plain language of the contract as an assign, the question of whether it may do so under the theory of equitable estoppel need not be considered.

Here, the Lease Agreement defined the terms "we," "our," and "us" to include "Crest Financial Services, LLC, and its successors and assigns." (Doc. No. 21-1 at 8-9). The Arbitration Provision within further expanded the definitions of "we," "our," and "us" to include "Related Parties." (Doc. No. 21-1 at 10). Under the Arbitration Provision, either Brooks herself or any one of the many parties included within the broad definition of "we" could require arbitration of certain claims including those which "arise[ ] from or relate[ ] in any way to…our collection of any amounts you owe." (Doc. No. 21-1 at 10). Therefore, as an assign to the Lease Agreement,[2] N.A.R. may compel arbitration of Brooks's claims regarding the manner in which N.A.R. attempted to collect the amount owed by Brooks under the Lease Agreement.

---

[2] Brooks refers to N.A.R. as a "purported assignee." (Doc. No. 22 at 3). But, Brooks does not meaningfully challenge the validity of the assignment under Utah law, which governs the Lease Agreement and Arbitration Provision, to the extent state law bears on enforceability. (Doc. No. 21-1 at 9, 11); *see also Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630-32 (2009) (holding the relevant state contract law controls whether a nonsignatory litigant may enforce an arbitration agreement). As such, I must conclude Crest validly assigned its rights to N.A.R., and N.A.R. may exercise these rights accordingly.

Because both of Brooks's FDCPA claims in this action are subject to arbitration, this case is dismissed. *See Ozomoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009); *Hensel v. Cargill, Inc.*, 198 F.3d 245, at *4 (6th Cir. 1999) (table) ("[L]itigation in which all claims are referred to arbitration may be dismissed.") (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

## V.     CONCLUSION

For the foregoing reasons, N.A.R.'s motion to dismiss and compel arbitration is granted.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge